UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHANNON R. HAMILTON, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * Civil Action No. 17-cv-10685-ADB |
| | * |
| JEFFREY GRONDOLSKY, | * |
| | * |
| Respondent. | * |

**ORDER DENYING MOTION FOR RECONSIDERATION**

BURROUGHS, D.J.

Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 20, 2017. [ECF No. 1]. Respondent filed a motion to dismiss the petition for lack of jurisdiction on December 15, 2017 [ECF No. 15]. As of January 8, 2018, Respondent had not opposed the motion, so the Court issued an order to show cause directing him to file any opposition by January 24, 2018. [ECF No. 17]. On January 25, 2018, the Court granted the motion to dismiss as unopposed, noting that it appeared that the Court lacked jurisdiction to adjudicate the petition. [ECF No. 19]. On January 26, 2018, the Court received Petitioner's response to the order to show cause, which was dated January 23. [ECF No. 22]. Now before the Court is Petitioner's motion for reconsideration of the order granting the motion to dismiss. [ECF No. 24].

On June 23, 2010, Petitioner pled guilty to five counts of bank robbery in violation of 18 U.S.C. § 2113(a) in the Middle District of Pennsylvania, for robberies that occurred between December 9, 2009 and January 6, 2010. [ECF No. 16 at 2]. On November 2, 2010, the court imposed a sentence of 151 months. Id. Prior to sentencing, the Probation Office calculated the

sentencing guidelines and determined that Petitioner was a career offender with a corresponding Total Offense Level of 29 and a Criminal History Category of VI, resulting in a guideline range of 151 to 181 months. Id. Petitioner filed an appeal based on ineffective assistance of counsel, which was denied by the Third Circuit in June 2011. Id. On March 30, 2012, Petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Middle District of Pennsylvania on the grounds of ineffective assistance of counsel at the trial and appellate levels. Id. at 3. The Middle District of Pennsylvania denied the motion on May 1, 2013, and the Third Circuit denied a certificate of appealability on August 13, 2013. Id. In August 2015, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the District of New Jersey, where he was incarcerated at the time. Id. The court determined that the petition was not properly filed under 28 U.S.C. § 2241 because Petitioner did not fall within the category of petitioners for whom § 2255 was "inadequate or ineffective." Id. The court further concluded that his petition was effectively a successive § 2255 petition, and that he therefore required permission from the Third Circuit to file the petition, which he lacked. Id. Accordingly, the petition was dismissed. Id. In June 2016, Hamilton filed a new § 2255 petition with the Middle District of Pennsylvania, along with a motion to consider a second or successive application for relief under 28 U.S.C. § 2255 with the Third Circuit. Id. The district court proceedings were stayed pending the decision by the Third Circuit. Id. In July 2017, the Third Circuit denied the motion, and Petitioner then voluntarily dismissed the petition. Id. at 3–4.

The instant § 2241 petition was filed in April 2017, while Petitioner was incarcerated in Massachusetts. [ECF No. 1]. Petitioner was convicted of robbery in Florida in 1989, which was considered a crime of violence at the time of his 2010 sentencing, thus contributing to his designation as a career offender with a corresponding sentence enhancement. Id. at 5–6. In his

petition, Petitioner asserts that, pursuant to the Supreme Court's 2016 decision in <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016), his Florida robbery conviction and the underlying conviction for bank robbery are no longer "crime[s] of violence" as defined by U.S.S.G. § 4B1.2(a), and thus he no longer qualifies as a career offender and his sentence should be vacated. Petitioner seeks to bring his § 2241 petition pursuant to the savings clause of § 2255. Respondent contends that this Court lacks jurisdiction to consider Petitioner's present § 2241 petition.

"Typically, prisoners are permitted to use section 2241 to challenge the execution of their sentences, not the validity of their sentences." <u>Calvache v. Benov</u>, 183 F. Supp. 2d 124, 126 (D. Mass. 2001) (citing <u>United States v. DiRusso</u>, 535 F.2d 673, 674–76 (1st Cir. 1976)). "In rare instances, however, pursuant to the 'savings clause' of section 2255, a federal prisoner can challenge his [or her] conviction and sentence under section 2241 if the prisoner can establish that the remedy afforded under section 2255 is 'inadequate or ineffective to test the legality of his [or her] detention.'" <u>Id.</u> (quoting 28 U.S.C. § 2255, and citing <u>United States v. Barrett</u>, 178 F.3d 34, 49–50 (1st Cir. 1999)). "[C]ourts have allowed recourse to the savings clause" only "in rare and exceptional circumstances," such as where the restrictions on section 2255 petitions "would result in a 'complete miscarriage of justice.'" <u>Trenkler v. United States</u>, 536 F.3d 85, 99 (1st Cir. 2008) (quoting <u>In re Dorsainvil</u>, 119 F.3d 245, 251 (3d Cir. 1997)). "Most courts have required a credible allegation of actual innocence to access the savings clause." <u>Id.</u>

The court in <u>Henderson v. Grondolsky</u>, No. 16-cv-12459-DJC, 2017 WL 4038392, at *2–4 (D. Mass. Sept. 12, 2017) considered essentially the same question at issue here—whether a petitioner can rely on <u>Mathis</u> in a § 2241 petition to argue that his prior convictions no longer qualify as career offender predicates—and determined that such a claim did not satisfy the

3

requirements of the savings clause. The court explained that "when considering career offender designation under U.S.S.G. § 4B1.1, other circuits have found that absent an additional exceptional circumstance, such as vacatur of a predicate conviction, post-conviction change in the law affecting the sentencing court's determination of the guidelines range does not rise to a complete miscarriage of justice." Id. at *3. Relying on Cuevas v. United States, 778 F.3d 267, 271 (1st Cir. 2015), the court reasoned that, "absent some additional exceptional circumstance," a "guidelines-misapplication claim" is "not sufficient for application of the savings clause." Id. at *4. The court pointed out that the petitioner's predicate convictions had not been vacated, nor had the petitioner "raised any alternative exceptional circumstance previously contemplated by other courts as complete miscarriages of justice." Id. Therefore, the court lacked jurisdiction to consider the § 2241 petition. Id.

Later, the court in Martinez v. Grondolsky, No. 17-cv-11216-MBB, 2018 WL 340029, at *1–2 (D. Mass. Jan. 9, 2018), relying on Henderson, also determined that the petitioner could not invoke the savings clause to bring a § 2241 petition based on the contention that, under Mathis, his two state court convictions no longer qualified as predicate offenses for a career offender sentencing enhancement. Courts outside of this Circuit have also reached the same result. See, e.g., Jones v. United States, No. 17-cv-1599 (WMW/KMM), 2018 WL 2392204, at *2 (D. Minn. Apr. 2, 2018), report and recommendation adopted, No. 17-cv-1599 (WMW/KMM), 2018 WL 2390131 (D. Minn. May 25, 2018) (holding that because Mathis did not create new rule of law, savings clause did not apply to § 2241 petition); Fisher v. Rickard, No. 17-cv-03730, 2018 WL 1405324, at *4 (S.D.W. Va. Feb. 16, 2018), report and recommendation adopted, No. 17-cv-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018) (holding that Mathis called into question sentence enhancement, not validity of underlying conviction, and thus savings clause was not

4

implicated); Rice v. Warden, F.C.I. Edgefield, No. 4:17-cv-3091-PMD-TER, 2017 WL 9674479, at *3 (D.S.C. Nov. 17, 2017), report and recommendation adopted, No. 4:17-cv-3091-PMD-TER, 2018 WL 1755504 (D.S.C. Apr. 12, 2018) (same). Consistent with these decisions, the Court concludes that petitioner cannot invoke the savings clause to bring a § 2241 petition based on Mathis, absent some additional exceptional circumstance, which Petitioner has not alleged is present here.

Accordingly, this Court lacks jurisdiction to consider the petition, and the motion for reconsideration [ECF No. 24] is DENIED. Any relief to be afforded to Petitioner is only available from the Third Circuit or the district court in which he was sentenced.

**SO ORDERED.**

July 24, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE